**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BONNIE MARCUS, ROMAN WYPART,   :
ERNEST SENDEROV, and           :
MARY ELLEN CALLAGHAN,       :
                                :
        Plaintiffs           :     **CIVIL ACTION NO.:  07-02075**
                                :
      v.                      :
                                :
PQ CORPORATION            :
                                :
        Defendant          :

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION IN LIMINE TO ADMIT CERTAIN EVIDENCE AT TRIAL**

Plaintiffs seek this Court's pretrial ruling in regard to certain testimony they intend to

elicit at trial.[1]  In particular, plaintiffs seek the admission of highly relevant and probative

evidence regarding comments made by various decision-makers and high level managers at PQ

which demonstrate their clear and long-standing discriminatory animus based on age.  Plaintiffs

seek to introduce evidence that (1) Colleen DelMonte, a manager and key decision-maker in the

layoff decisions at issue in this case, expressed the view that the company needed "to get rid of

some of these old farts"; (2) another decision-maker, Michael Imbriani, directly expressed his

view that he wanted to get younger people in the company; (3) PQ's general counsel informed a

third decision-maker, Roz Kutchins, that the Company's senior management wanted younger

people; and (4) decision-maker Mr. Imbriani had previously informed Ms. Kutchins that he

wanted "young blood" to replace one of her subordinates.  As set forth more fully herein, each of

---

1.     Plaintiffs seek the Court's ruling pretrial, because plaintiffs' counsel intends to discuss
this evidence in his opening statement.  If the Court does not rule prior to the opening,
counsel risks promising the jury it will hear evidence to support its claims which, if they
do not hear because the Court rules it admissible, will likely cause them to draw an
adverse inference.

these statements, and the transmission thereof through the company's managers, is both highly

probative of both the specific decision-makers' discriminatory animus based on age, and

evidence of the company's cultural bias against older employees, as expressed by its senior

management, and is admissible, non-hearsay, testimony.[2]

1.     **THE COURT SHOULD ALLOW THE TESTIMONY OF ED MYSZAK
       REGARDING PQ MANAGER COLLEEN DELMONTE'S COMMENT
       THAT THE COMPANY NEEDED TO GET RID OF THE "OLD FARTS."**

Plaintiffs intend to call Ed Myszak as a witness at trial.  Mr. Myszak began taking

detailed notes of "anything and everything" of interest to him at PQ Corporation after PQ

attempted to fire him from his management position in approximately 2003. (Myszak Dep. at 16,

attached hereto as Exhibit 1).  Mr. Myszak's testimony, supported by his extensive handwritten

notes, is highly relevant to Plaintiffs' age discrimination claim and should be admitted at trial.

A.     **Testimony at Issue**

In his deposition, Myzsak testified as to the following:

In July of 2003, Myszak was informed by Rosalyn Kutchins, a manager with the company

and a RIF decision-maker, of a discriminatory comment made by PQ manager and RIF decision

maker Colleen DelMonte.  Ms. Kutchins was informed of Ms. DelMonte's comment by John Lau

(another decision maker and Vice President of R&D with the company), who heard the

---

2.     Notably, there is no basis for Defendant to argue that some or all of the comments should
       be excluded as "stray remarks."  As the Third Circuit has recently reiterated, however,
       even assuming arguendo that the comments could somehow be deemed "stray remarks"
       (as opposed to direct evidence of the discriminatory animus of the decision-makers), such
       remarks provide "background evidence that may be critical to a jury's determination of
       whether the decision-maker was more likely than not acting out of a discriminatory
       motive."  Doe v. C.A.R.S. Protection Plus, Inc., 527 F.3d 358 (3d Cir. 2008), citing Antol
       v. Perry, 82 F.3d 1291, 1302 (3d Cir. 2006), and Fisher v. Pharmacia & Upjohn, 225 F.3d
       915, 922 (8th Cir. 2000)("although. . . stray remarks, standing alone, may not give rise to
       an inference of discrimination, such remarks are not irrelevant.").

comments directly from Ms. DelMonte.  According to Dr. Lau's description of his conversation

with Ms. DelMonte, Ms. DelMonte declared "we need to get rid of some of these old farts."

(Myszak Dep. at 95).[3]  Mr. Myszak took notes of his conversation with Ms. Kutchins shortly

thereafter.  *See*, P-144, attached hereto as Exhibit 2.

### B.   Mr. Myszak's Testimony is Relevant to Plaintiff's Age Discrimination Claim

Plaintiffs intend to offer this testimony of Mr. Myszak at trial, as it is highly probative,

direct evidence in support of their age discrimination claim.  The testimony directly bears on the

discriminatory attitude of a decision-maker, and therefore there can be little doubt that the

evidence is relevant and admissible.  Fed.R.Evid. 401, 402.  Ms. DelMonte's discriminatory

remark bears substantial probative value to the adverse action taken against plaintiffs,

considering her position as manager and a key decision maker in the reduction in force.  The "old

farts" comment serves as an important piece of direct evidence supporting plaintiffs' age

discrimination claim and should be admitted at trial.  See Doe (*supra*).

### C.   Delmonte's "Old Farts" Comment is an Admissible Non-Hearsay Party-Opponent Admission

Despite its clear probative value, Plaintiffs anticipate that Defendant will seek to exclude

the "old farts" comment as purported hearsay.  The comment is clearly not hearsay for three

reasons:

*First,* Ms. Kutchins is a decision-maker, and the fact she believed a co-decision-maker

(and member of upper management) wanted to get rid of the "old farts" is relevant to

Ms. Kutchins' state of mind.  In other words, Ms. Kutchins had a strong incentive to terminate

---

3.       It is undisputed that Ms. DelMonte, Ms. Kutchins and Mr. Lau were management
         individuals involved in the layoff decisions.  *See generally*, Plaintiff's Brief in Response
         to Defendant's Motion for Summary Judgment.

older employees – she believed that's what a higher-ranking member of upper management wanted her to do.[4]  For this reason alone, the evidence is clearly admissible non-hearsay. Fed.R.Evid. 803(3); Crowley v. L.L. Bean, Inc., 303 F.3d 387, 408 (1st Cir. 2002) (reference by a supervisor to "Crowley's little stalker" was not hearsay when offered to show management's awareness of a co-workers behavior, and not to show that the co-worker was actually a stalker); Marks v. Marina Dist. Dev. Co., 213 Fed. Appx. 147 (3d Cir. 2007)(unpublished); U.S. v. Figaro, 126 Fed. Appx. 75 (3d Cir. 2005)(unpublished); U.S. v. Tyler, 124 Fed. Appx. 124 (3d Cir. 2005)(unpublished).

Second, a statement is not hearsay if it is "offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Id.  As the Third Circuit explained in Marra v. Philadelphia Hous. Auth., 497 F.3d 286 (3d Cir. 2007), being a "direct decision-maker. . . constitutes strong proof that a statement was made within the scope of employment." (quoting Carter v. Univ. of Toledo, 349 F.3d 269, 275 (6th Cir. 2003)). As stated above, declarant Colleen DelMonte was a manager and decision maker in the RIF.  Hence, her comment is an admission of a party-opponent and does not constitute hearsay.

Similarly, each repetition of the comment was a party-opponent admission, and therefore not hearsay.  Dr. Lau passed the comment along to Ms. Kutchins, which was also an admission of a party-opponent because Dr. Lau was also a manager and decision-maker involved in the RIF who repeated the comment within the scope of his employment.  Ms. Kutchins' statement to Mr. Myszak similarly fits the requirements of an admission.  Accordingly, the original statement

---

4.      Indeed, the comment is relevant to everyone's state of mind in the chain – each one of which was a decision-maker and a manager (DelMonte, Lau, Kutchins).

and each repetition of it were non-hearsay party-opponent admissions under Fed.R.Evid. 801(d)(2)(d).  *See* <u>Abrams v. Lightolier, Inc.</u>, 50 F.3d 1203 (3d Cir. 1995).

Thus, in <u>Abrams</u>, the Court admitted the testimony of Hinsch, one of Abrams' co-workers, who testified that Hinsch's supervisor, Pedder, told him on several occasions that the company "frowned on" older employees.  Neither Hinsch nor Pedder had any involvement in the decision to terminate Abrams.  Nevertheless, the Court held that the testimony was properly admitted against the employer as non-hearsay under rule 801(d)(2)(D).  <u>Abrams</u>, 50 F.3d at 1215-1216.  The Court noted:

> Where a supervisor is authorized to speak with subordinates about the employer's employment practices, a subordinate's account of an explanation of the supervisor's understanding regarding the criteria utilized by management in making decisions on hiring, firing, compensation, and the like is admissible against the employer, regardless whether the declarant has any involvement in the challenged employment action.

<u>Id</u>. at 1216.  *See also* <u>Hubert v. Hearst Corp.</u>, 900 F2d 1050, 1053 (7th Cir. 1990)("[D]irect warnings by [plaintiff's immediate supervisor], himself a member of management, given to [the plaintiff], his subordinate, as to the attitude, intentions and/or policy of the higher-ups in management" was admissible under rule 801(d)(2)(D), even though supervisor was not involved in decision at issue).

*Third,* the evidence is not hearsay because it is **not** being admitted for the truth of the matter asserted, *i.e.,* that the Company in fact "needed to get rid of the old farts."  Indeed, plaintiffs contend that just the opposite is true – that the company did *not* need to get rid of the "old farts."  Hence the statement is not being offered for the truth of the matter asserted, and thus is admissible non-hearsay.

2.      **THE COURT SHOULD ALLOW THE TESTIMONY OF MR. MYSZAK REGARDING PQ DECISION MAKERS' DESIRE FOR "YOUNGER PEOPLE"**

A.      **Testimony at Issue**

Mr. Myszak's testimony provides further evidence of age discrimination originating from the ranks of PQ upper management. Myszak was informed by PQ Operations Committee member Vince O'Grady that Stanley Silverman (then President and CEO of PQ) and Michael Imbriani (then Executive Vice President and a RIF decision-maker) were looking for "younger people into the work force." (Myszak Dep. at 19-20).

B.      **Relevancy**

Plaintiffs intend to offer this testimony of Ed Myszak at trial and contend it is further relevant evidence in support of their age discrimination claim. As discussed above, Mr. Myszak's testimony is relevant both as direct evidence of Mr. Imbriani's discriminatory animus, and as background evidence. *See,* Doe (*supra*); Antol (*supra*).

C.      **Testimony Showing Imbriani and Silverman were Looking to Bring "Younger People" into the Work Force is Admissible Non-Hearsay**

For the same reasons that Ms. Delmonte's comments are admissible, non-hearsay, so too are the comments from Vince O'Grady relaying the statements from Messrs. Silverman and Imbriani that they were looking for "younger people into the work force." (Myszak Dep. at 19-20). Mr. O'Grady was, at the time the comments were made to Mr. Myszak, a high ranking member of PQ's management and member of PQ's operations committee. Thus, under the authority of Marra and Abrams, his comments to a subordinate employee are non-hearsay admissions of a party-opponent.

In addition, the statements are independently admissible because they fall within the "state of mind" exception to the hearsay rule, Fed. R. Ev. 803(3). In particular, they are highly

probative of Mr. Imbriani's state of mind, which given his role as a key decision-maker, is clearly

highly probative of Defendant's age bias in implementing the lay offs.

3.      **THE COURT SHOULD ALLOW THE TESTIMONY OF ROSALYN
        KUTCHINS REGARDING MANAGEMENT'S DESIRE FOR YOUNGER
        INDIVIDUALS.**

        Plaintiffs intend to call PQ Manager Rosalyn Kutchins as a witness at trial.

Ms. Kutchins, another decision-maker,  is expected to testify that during the time the company

was looking at succession planning, the Company's management group was aging and that the

Company was "looking for younger individuals."  (Kutchins dep. at 372, 375-376, attached

hereto as Exhibit 3).  In addition, Ms. Kutchins will testify that she understood that the Company

was looking on how to bring in the younger, new generation of people, who would be managing

the business in 20 years or so.  (Kutchins dep. at 376-377).  Ms. Kutchins will further testify that

her knowledge derived from a direct conversation with Walter Stickley, the general counsel of

the Company who was privy to the relevant succession planning discussions.  (Kutchins dep. at

366, 377, 380-381).

        To the extent that Ms. Kutchins relays specific statements of Mr. Stickley, they are not

hearsay, but rather admissions of a party-opponent.  In addition, they are also being offered for

the effect on the listener, in this instance, Ms. Kutchins, who thereafter was a key decision-maker

in the layoffs.  The testimony is particularly compelling, given that the information was

transmitted to Ms. Kutchins via corporate counsel, who carried the mantle of legal authority, and

one would expect that Ms. Kutchins would give his comments particular credence and weight

that the Company's attitude was lawful and appropriate.

4.    **THE COURT SHOULD ALLOW MS. KUTCHINS' TESTIMONY REGARDING COMMENTS MADE BY MICHAEL IMBRIANI**

Ms. Kutchins will further testify about the facts and circumstances regarding a conversation she had with Michael Imbriani, PQ's Executive Vice-President, and a key decision-maker, and its aftermath.   In particular, Ms. Kutchins will testify that Mr. Imbriani directly ordered her to discriminate against one of her subordinates based on his age.  After a sales meeting, Mr. Imbriani came to Ms. Kutchins' office and, in regard to Mr. Myszak's position, told her that he wanted her to replace him with "new or younger blood."  She thereafter filed a complaint with PQ's HR department, and wrote a memo to PQ's legal department, because she believed that Mr. Imbriani's request to replace Mr. Myszak with "younger blood" was inappropriate and based on age. (Kutchins dep. at 359-361).

Again, the testimony is highly probative direct evidence of Mr. Imbriani's discriminatory attitude and/or critical background evidence as reiterated by the Third Circuit Court of Appeals in Doe and Antol.

Further, there is no basis for excluding this critical testimony.  For the same reasons set forth above, the statements are clearly admissions of a party-opponent, reflect Mr. Imbriani's state of mind and are independently offered for its effect on the listener (Ms. Kutchins).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion in Limine should be granted, and the Court should rule that Plaintiffs may elicit and have admitted each of the comments set forth herein, which evidence the Defendant's discriminatory age bias generally, the state of mind of the decision-makers specifically and, where appropriate, because of the effect each comment had on

the listeners, the vast majority of whom were decision-makers in determining which employees

should be selected as part of the reduction in force at issue in this case.

Respectfully submitted,

Scott B. Goldshaw - ID. 85492
Katie R. Eyer - ID. 200756
SALMANSON GOLDSHAW, P.C.
Two Penn Center
1500 J.F.K. Blvd., Suite 1230
Philadelphia, PA  19102
215-640-0593

Date:  June 18, 2009

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BONNIE MARCUS, ROMAN WYPART,  :
ERNEST SENDEROV, and          :
MARY ELLEN CALLAGHAN,         :
                              :
      Plaintiffs          :    **CIVIL ACTION NO.:  07-02075**
                              :
   v.                   :
                              :
PQ CORPORATION                :
                              :
      Defendant          :

<u>**CERTIFICATE OF SERVICE**</u>

     I hereby certify that on June 18, 2009, I caused a true and correct copy of the foregoing

*Plaintiffs' Memorandum of Law in Support of its Motion in Limine to Admit Certain Evidence at*

*Trial,* to be filed via the Official Court Electronic Document Filing System, and that said

document is therefore available for viewing and downloading from the ECF system.  By virtue of

this filing, service of the motion upon the following counsel, being Electronic Case Filing Users,

is complete upon counsel's receipt of the Court's e-mail notification of the Notice of Electronic

Filing:

               Elizabeth A. Malloy
               Peter J. Ennis
               *Counsel for Defendant*

               _____
               Scott B. Goldshaw