```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BONNIE MARCUS, et al.            :        CIVIL ACTION
                                 :
          v.                     :
                                 :
PQ CORPORATION                   :        NO. 07-2075
```

MEMORANDUM

Fullam, Sr. J.                                        July 6, 2009

After their employment was terminated as part of a reduction-in-force, the four plaintiffs, Bonnie Marcus, Roman Wypart, Ernest Senderov, and Mary Ellen Callaghan, filed suit against their former employer, PQ Corporation, alleging that they were selected because of their age in violation of state and federal law.  The defendant has moved for summary judgment.

The claims under the federal Age Discrimination in Employment Act ("ADEA") must be evaluated in light of last month's decision by the United States Supreme Court in Gross v. FBL Financial Services, Inc. 557 U.S. ___ (June 18, 2009), in which the Court held that "[t]o establish a disparate-treatment claim under the plain language of the ADEA . . . a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." Id., slip op. at 8.  I find that the plaintiffs have mustered sufficient evidence to proceed to trial.[1]

---

[1] Because the evidence is sufficient to allow the federal claims to go to trial, I need not decide at this time whether the state-law age discrimination claims are subject to the same "but-for" standard.  The parties should be prepared to address this issue before the case is submitted to a jury.

Ms. Marcus, Mr. Wypart, and Mr. Senderov were all employed as scientists at PQ; Ms. Callaghan was the office supervisor. At the time of the terminations in May of 2005, Ms. Marcus was 60 years old, Mr. Wypart was 56 years old, Mr. Senderov was 69 years old and Ms. Callaghan was 55 years old. The company had been sold a few months earlier. A total of 29 employees lost their jobs, including eight whose funding came from the Corporate Development (CD) program, which was eliminated.

There is no dispute that the plaintiffs are all in the protected age category, that they were qualified for their positions (although PQ does have some criticisms of Ms. Callaghan's job performance), and that they suffered an adverse employment action. According to PQ, the CD program provided all of the funding for the work of Mr. Senderov and Mr. Wypart, and half of the funding for the work of Mr. Marcus. PQ also maintains that the office supervisor position filled by Ms. Callaghan had been a new position (created when she was hired two years earlier) and was eliminated as part of the cost-cutting.

As evidence of age discrimination, the plaintiffs have adduced comments allegedly made at various times by those involved in the termination decisions that arguably disparage the abilities of older workers. Although some of these comments were made well before the terminations, for the purpose of summary

judgment they provide probative evidence of age-related motivations by those charged with deciding which employees would lose their jobs.

The plaintiffs also cite evidence that younger workers were retained, even though funding for their positions came from the same eliminated source; that all of the workers terminated in the plaintiffs' division were over the age of 55; that significantly younger employees took over the bulk of the duties previously performed by the plaintiffs; and that when older and younger workers were considered for positions available after the reduction-in-force, the younger workers invariably were selected. Although the evidence is more compelling for some of the plaintiffs than for others, a reasonable jury could determine that the plaintiffs were selected for termination because of their age.

An order will be entered.

                                    BY THE COURT:


                                    /s/ John P. Fullam
                                    John P. Fullam,    Sr. J.