IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BONNIE MARCUS, et al.          :       CIVIL ACTION
                               :
        v.                     :
                               :
PQ CORPORATION                 :       NO. 07-cv-02075-JF


<u>MEMORANDUM</u>

Fullam, Sr. J.                                         July 9, 2009

      Counsel for plaintiffs has filed a Motion in Limine to admit certain evidence at trial.  Defense counsel has filed lengthy opposition to that Motion.  In order to make a final ruling on the Motion in Limine, it would be necessary for this Court to have become familiar with all of the evidence which will be presented at trial.  In short, final rulings on the admissibility of evidence must be determined in the context of the trial, not in the abstract.  Counsel for both sides are expected to observe the Rules of Evidence.

      A limited ruling can be expressed at this point. Plaintiffs apparently will offer evidence of statements allegedly made by responsible officials of the defendant concerning the desirability of getting rid of older employees and building for the future with younger employees.  The defendant contends, among other things, that these were simply isolated remarks, too remote in time to have any relevance to the termination of plaintiffs' employment.  Generally speaking, the relevance and impact of any such statement would be a matter for the jury to determine.  On

the other hand, defendant is obviously correct in noting that statements by a witness to the effect that another employee reported having heard such statements would be inadmissible.  If the statement was made, it must be established by someone who heard the statement made, not by a witness merely reporting what some other employee allegedly reported.

To the extent of the information now available to the Court, I am not prepared to hold that expressions of possible age bias in 2003 would be inadmissible merely because plaintiffs' firings did not occur until 2005.

Apparently, it is the contention of the defendant that some of plaintiffs' proposed evidence, including expert testimony, should be excluded merely because it is not convincing or unopposed.  Obviously, that is a matter to be sorted out at trial, not in advance of trial.  An Order follows.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.