## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BONNIE MARCUS, et al. | : | |
| | : | |
| Plaintiffs | : | **CIVIL ACTION NO.:  07-02075** |
| | : | |
| v. | : | |
| | : | |
| PQ CORPORATION | : | |
| | : | |
| Defendant | : | |

### PLAINTIFFS' PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS

Plaintiffs hereby submit the following jury instructions for consideration and requests their inclusion in the jury charge in this case.  As per Your Honor's individual practices, Plaintiffs have only included instructions where necessary based on the particular circumstances of this case.  The following instructions are attached:

(1)     Expanded Intentional Disparate Treatment/Pretext Instruction

(2)     "Cat's Paw" Instruction

(3)     Mitigation Instruction (if Defendant Meets Burden of Introducing Evidence)

(4)     Compensatory Damages Instruction (PHRA Claim)

Plaintiffs respectfully request that except as specified above, this Court charge the jury in accordance with the Third Circuit Model Jury Instructions.  Plaintiffs have also attached a proposed verdict form, based on the verdict form prepared by chambers during the last trial.

**Expanded Disparate Treatment/Pretext Instruction**

In this case Plaintiffs are alleging that PQ discriminated against Plaintiffs.  In order for Plaintiffs to recover on this discrimination claim against PQ, Plaintiffs must prove that PQ intentionally discriminated against Plaintiffs.  This means that Plaintiffs must prove that their ages were a determinative factor in PQ's decision to terminate Plaintiffs.

To prevail on this claim, each Plaintiff must prove both of the following by a preponderance of the evidence:

First: PQ terminated Plaintiffs; and

Second: The Plaintiffs' age was a determinative factor in PQ's decision.

Although Plaintiffs must prove that PQ acted with the intent to discriminate, Plaintiffs are not required to prove that PQ acted with the particular intent to violate Plaintiffs' federal civil rights.  Moreover, Plaintiffs are not required to produce direct evidence of intent, such as statements admitting discrimination.  Intentional discrimination may be inferred from the existence of other facts.

For example, you have been shown statistics in this case.  Statistics are one form of evidence from which you may find, but are not required to find, that PQ intentionally discriminated against Plaintiffs.  You should evaluate statistical evidence along with all the other evidence received in the case in deciding whether PQ intentionally discriminated against Plaintiffs.

You can also infer discrimination from other facts, including a showing that PQ treated other similarly situated younger employees more favorably, that PQ discriminated against other older employees, or that PQ in the past has subjected one or more of the Plaintiffs to discriminatory treatment.

Finally, you can also infer discrimination if you find that PQ's explanation for its termination of the Plaintiffs is a pretext, or excuse for discrimination.  PQ has given a nondiscriminatory reason for its termination of Plaintiffs.  If you disbelieve PQ's explanations for its conduct, then you may, but need not, find that the Plaintiffs has proved intentional discrimination.  In determining whether PQ's stated reason for its action was a pretext, or excuse, for discrimination, you may not question PQ's business judgment.  You cannot find intentional discrimination simply because you disagree with the business judgment of PQ or believe it is harsh or unreasonable.

However, in deciding whether PQ's explanation is truthful, you can consider whether PQ's stated reasons for its actions are implausible or inconsistent or whether there are other weaknesses, incoherencies or contradictions in PQ's explanations for its conduct.  You may also consider whether PQ changed its explanations over time, or whether PQ treated younger employees who were similarly situated to the Plaintiffs differently.  If you conclude based on any of these, or other, considerations that the PQ's explanations did not actually motivate their conduct, then you can, but need not find that PQ engaged in intentional discrimination.

Ultimately, you must decide whether each Plaintiff proven that his or her age was a determinative factor in PQ's termination decisions.  "Determinative factor" means that if not for the plaintiff 's age, the termination would not have occurred.


**Sources**: 3rd Circuit ADEA Model Jury Instruction 8.1.2; <u>Fuentes v. Perskie</u>, 32 F.3d 759, 764-765 (3d Cir. 1994) (various points: (1) discrimination can be proven either by disproving reasons or by affirmatively showing that an "illegitimate factor more likely than not was a motivating or determinative cause of the adverse employment decision (e.g., by showing that the employer in the past had subjected him to unlawful discriminatory treatment, that the employer treated other, similarly situated persons not of his protected class more favorably, or that the employer has discriminated against other members of his protected class or other protected categories of

persons)"; (2) pretext can be proven by showing "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons"; (3) if Defendant's articulated explanation did not actually motivate its conduct it is a pretext); <u>Smith v. Borough of Wilkinsburg</u>, 147 F.3d 272, 281 (3d Cir. 1998) (holding that a difference in explanations at the EEOC and at trial was sufficient for a reasonable jury to find pretext); <u>Payne v. Norwest Corp.</u>, 113 F.3d 1079, 1080 (9th Cir. 1997) ("one who tells the truth need not recite different versions of the facts."); <u>Bennun v. Rutgers State University</u>, 941 F.2d 154, 177-80 (3d Cir. 1991) (upholding a finding of pretext based on disparate treatment of a single comparator outside the protected class).

**"Cat's Paw" Instruction**

You must find in favor of Plaintiffs even if you find that the final decision to terminate

the Plaintiffs was made by a person or persons who did not harbor a discriminatory attitude, so

long as you find that the final decision was influenced by the discriminatory recommendations of

others within the company.


**Sources:** Delli Santi v. CNA Ins. Cos., 88 F.3d 192, 200 n. 11 (3d Cir. 1996); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995)(a jury could conclude that Plaintiff's immediate supervisor harboring a discriminatory animus, who participated in decision to fire Plaintiff, was a decision-maker for purposes of Plaintiff's discharge); Roebuck v. Drexel Univ., 852 F.2d 715, 727 (3d Cir. 1988) ("It plainly is permissible for a jury to conclude that an evaluation at any level, if based on discrimination, influenced the decision-making precess and thus allowed discrimination to infect the ultimate decision."); Abramson v. William Paterson College, 260 F.3d 265, 286 ("[I]t is sufficient if those exhibiting discriminatory animus influenced or participated in the decision to terminate.").

**Mitigation Instruction (If Defendant Meets Burden of Introducing Evidence)**

You are instructed that Plaintiffs have a duty to mitigate their damages — that is Plaintiffs are required to make reasonable efforts under the circumstances to reduce their damages. It is PQ's burden to prove that Plaintiffs have failed to mitigate. So if PQ persuades you, by a preponderance of the evidence, that Plaintiffs failed to obtain substantially equivalent job opportunities that were reasonably available to them, you must reduce the award of damages by the amount of the wages that Plaintiffs reasonably would have earned if they had obtained those opportunities.

In order for a position to be "substantially equivalent," it must carry with it "virtually identical promotional opportunities, compensation, job responsibilities, working conditions and status" to the position that the plaintiff held with the defendant. Thus, in order for PQ to prove that Plaintiffs failed to mitigate they must show that there were jobs that were reasonably available to the Plaintiffs that had virtually identical compensation, job tasks and prestige to those Plaintiffs were terminated from at PQ, and that Plaintiffs failed to use reasonable diligence in attempting to secure those positions.

In determining whether a job was reasonably available to a plaintiff, you must consider that Plaintiffs cannot be required to relocate as a means of reducing their damages. Thus Plaintiffs were not, and are not, required to look outside the greater Philadelphia area for a replacement job, and you cannot consider their lack of effort to find a job outside the greater Philadelphia area to be a failure of their obligation to try to mitigate their damages. This is true even if relocation is not necessarily required, but if the prospective employer is located an unreasonable distance from Plaintiffs' home.

**Sources**: 3rd Circuit ADEA Model Jury Instructions, 8.4.2; Donlin v. Philips Lighting North America Corporation, 581 F.3d 73 (3d Cir. 2009); Caufield v. Center Area School District, 133 Fed. Appx. 4 (3d Cir. 2005); EEOC v. Pennsylvania, 772 F. Supp. 217, 222 (M.D. Pa. 1991) citing Coleman v. Omaha, 714 F.2d 804 (8th Cir. 1983) ; Gabrielle v. Barrett, Haentjens & Co., 663 F. Supp. 1184 (M.D. Pa. 1986); Oil , Chemical & Atomic Workers Int'l Union v. NLRB, 547 F.2d 575, 603 (D.C. Cir. 1976); Florence Printing Co. v. NLRB, 376 F.2d 216 (4th Cir.), cert. denied 389 U.S. 840 (1967); Puchalski v. School District of Springfield, 161 F. Supp. 2d 395, 412 (E.D. Pa. 2001), citing NLRB v. Madison Courier, Inc., 472 F.2d 1307, 1314 (D.C. Cir. 1972); Oldfather v. Ohio Dep't of Transportation, 653 F. Supp. 1167, 1179 (S.D. Ohio 1986). Spagnuolo v Whirlpool Corp. 717 F.2d 114, 119 (4th Cir. 1983).

**Compensatory Damages Instruction (PHRA Claim)**

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Defendant should be held liable.

If you find by a preponderance of the evidence that Defendant intentionally discriminated against Plaintiffs by terminating Plaintiffs, then you must consider the issue of compensatory damages.  You must award Plaintiffs an amount that will fairly compensate each of them for any injury they actually sustained as a result of Defendant's conduct.  The damages that you award must be fair compensation, no more and no less.  The award of compensatory damages is meant to put Plaintiffs  in the  position they would have occupied if the discrimination had not occurred.  Plaintiffs have the burden of proving damages by a preponderance of the evidence.

Plaintiffs must show that the injury would not have occurred without Defendant's actions.  Plaintiffs must also show that Defendant's actions played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of Defendant's acts.  This test — a substantial part in bringing about the injury — is to be distinguished from the test you must employ in determining whether Defendant's actions were motivated by discrimination.  In other words, even assuming that Defendant's actions were motivated by discrimination, Plaintiffs are not entitled to damages for an injury unless Defendant's discriminatory actions actually played a substantial part in bringing about that injury.

There can be more than one cause of an injury.  To find that Defendant's actions caused Plaintiffs' injury, you need not find that Defendant's acts were the nearest cause, either in time or space.

In determining the amount of any damages that you decide to award, you should be guided by common sense.  You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience,  mental anguish, or loss of enjoyment of life  that Plaintiffs experienced as a consequence of Defendant's allegedly unlawful acts.  No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence.  There is no exact standard for fixing the compensation to be awarded for these elements of damage.  Any award you make should be fair in light of the evidence presented at the trial.

I instruct you that in awarding compensatory damages, you are not to award damages for the amount of wages that Plaintiffs would have earned, either in the past or in the future, if they had continued in employment with Defendant.  These elements of recovery of wages that Plaintiffs would have received from Defendant are called "back pay" and "front pay".  "Back pay" and "front pay" are to be awarded separately under instructions that I will soon give you, and any amounts for "back pay"and "front pay" are to be entered separately on the verdict form.

You may award damages for monetary losses that Plaintiffs may suffer in the future as a result of Defendant's allegedly unlawful actions.  For example, you may award damages for loss of earnings resulting from any harm to Plaintiffs' reputation that was suffered as a result of Defendant's allegedly unlawful acts.  Where a victim of discrimination has been terminated by an employer, and has sued that employer for discrimination, they may find it more difficult to be employed in the future, or may have to take a job that pays less than if the discrimination had not

occurred.  That element of damages is distinct from the amount of wages Plaintiffs would have earned in the future from Defendant if they had retained their jobs.

As I instructed you previously, Plaintiffs have the burden of proving damages by a preponderance of the evidence.  But the law does not require that Plaintiffs prove the amount of their losses with mathematical precision; it requires only  as much definiteness and accuracy as circumstances permit.

In assessing damages, you must not consider attorneys' fees or the costs of litigating this case.  Attorneys' fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorneys' fees and costs should play no part in your calculation of any damages.

**Source**: 3rd Circuit Title VII Model Jury Instruction, 5.4.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BONNIE MARCUS, et al. | : | |
| | : | |
| Plaintiffs | : | **CIVIL ACTION NO.:  07-02075** |
| | : | |
| v. | : | |
| | : | |
| PQ CORPORATION | : | |
| | : | |
| Defendant | : | |

**<u>VERDICT FORM</u>**

1.     As to each Plaintiff, state whether you find, by a preponderance of the evidence, that age was a "but for" cause of PQ's decision to terminate their employment:

Bonnie Marcus          Yes_____          No_____

Roman Wypart          Yes_____          No_____

2.     As to any Plaintiff as to whom you answered the above question "Yes," state the amount of damages you award in the following categories:

Bonnie Marcus:

a)     Back-Pay and Benefits          $_____

b)     Front-Pay and Benefits          $_____

c)     Emotional Distress:          $_____

d)     Total:          $_____

Roman Wypart:

a)      Back-Pay and Benefits          $_____

b)      Front-Pay and Benefits         $_____

c)      Emotional Distress:            $_____

d)      Total:                         $_____


3.      If you answered Question No. 1 "Yes" as to any Plaintiff, state whether you find that PQ Corporation violated the law willfully.

Bonnie Marcus          Yes_____          No_____

Roman Wypart           Yes_____          No_____


Date:_____          _____
                                    Foreperson's Signature

Respectfully submitted,

Katie R. Eyer - ID. 200736
SALMANSON GOLDSHAW, P.C.
Two Penn Center
1500 J.F.K. Blvd., Suite 1230
Philadelphia, PA  19102
215-640-0593

Date:  October 26, 2009

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BONNIE MARCUS, ROMAN WYPART,    :
ERNEST SENDEROV, and    :
MARY ELLEN CALLAGHAN,    :
    :
      Plaintiffs    :    **CIVIL ACTION NO.:  07-02075**
    :
    v.    :
    :
PQ CORPORATION    :
    :
      Defendant    :

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2009, I caused a true and correct copy of the

foregoing *Plaintiffs' Proposed Jury Instructions and Verdict Forms,* to be filed via the Official

Court Electronic Document Filing System, and that said document is therefore available for

viewing and downloading from the ECF system.  By virtue of this filing, service of the motion

upon the following counsel, being Electronic Case Filing Users, is complete upon counsel's

receipt of the Court's e-mail notification of the Notice of Electronic Filing:

        Elizabeth A. Malloy
        Peter J. Ennis
        *Counsel for Defendant*


        _____
        Katie R. Eyer