# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BONNIE MARCUS and
ROMAN WYPART,

    Plaintiffs,

v.

PQ CORPORATION,

    Defendant.

CIVIL ACTION NO.: 07-02075

Hon. John P. Fullam

## MOTION OF DEFENDANT PQ CORPORATION TO CONFORM JUDGMENT TO ELIMINATE JURY'S FRONT PAY ADVISORY VERDICT

Defendant PQ Corporation moves the Court to conform the Judgment to eliminate the Jury's Front Pay Advisory Verdict. The grounds upon which this Motion is based are as follows:

1. On November 10, 2009 the Court submitted the issue of front pay to the jury for an advisory verdict. The jury returned a verdict in favor of Marcus and Wypart awarding front pay. The Judgment was entered on November 12, 2009, and included the jury's advisory verdict on front pay.

2. After the jury was dismissed, the Court stated that it would receive "papers" addressing the jury's advisory verdict. PQ filed "Defendant's Brief Addressing Jury's Advisory Verdict on Front Pay" on November 12, 2009.

3. PQ hereby files a Motion to Eliminate the Jury's Front Pay Advisory Verdict, and relies on the attached Memorandum of Law. (The Memorandum of Law is identical to the one filed on November 12, 2009.) The Motion is filed, in an abundance of caution, to avoid any complaints that this issue should have been raised by Motion.

4.  PQ also filed on this date Defendant's Motion for Judgment as a Matter of Law or New Trial or Remittitur, and preserves all arguments made therein.

WHEREFORE, PQ Corporation respectfully requests that the Court enter and Order to Conform Judgment to Eliminate Jury's Front Pay Advisory Verdict.

Respectfully submitted,

*/s/ Elizabeth A. Malloy          (EM962)*
Elizabeth A. Malloy, Esq. (PA ID No. 48297)
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
215-665-5310
215-665-8760 (fax)
elizabeth.malloy@bipc.com

Peter J. Ennis, Esq. (PA ID No. 45754)
BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre, 20th Floor
301 Grant Street
Pittsburgh, PA 15219
412-392-1689
412-456-1041 (fax)
peter.ennis@bipc.com

Dated: November 24, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BONNIE MARCUS and
ROMAN WYPART,

    Plaintiffs,

v.

PQ CORPORATION,

    Defendant.

:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.: 07-02075

Hon. John P. Fullam

## DEFENDANT'S BRIEF ADDRESSING
## JURY'S ADVISORY VERDICT ON FRONT PAY

Defendant PQ Corporation ("Company" or "PQ"), at the request of the Court, hereby files the following brief addressing the jury's advisory verdict on front pay in the above-captioned case.[1] For the reasons presented herein, the court should disregard or reduce the jury's advisory front pay verdict.

### I. INTRODUCTION

After the jury returned a verdict on the issues of liability, liquidated damages, back pay and front pay, the Court permitted the parties to submit briefs addressing the amount of front pay that should be awarded to Plaintiffs Bonnie Marcus and Roman Wypart. In response, PQ respectfully submits that neither Plaintiff is entitled to the front pay sought at trial or suggested by jury.

---

[1] PQ intends to file post-trial motions requesting a new trial, judgment notwithstanding the verdict and remittitur. Those motions will be filed in accordance with the time frames set forth in the Federal Rules of Civil Procedure. This Brief solely addresses the discretionary nature of the jury's front pay award.

## II. ARGUMENT

The jury's role with respect to front pay is merely advisory because front pay is an equitable remedy to be determined by the court. Donlin v. Philips Lighting N. Am., 581 F.3d 73, 78 n.1 (3d Cir. 2009) (citing Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843, 849-50 (2001)); Dillon v. Coles, 746 F.2d 998, 1006 (3rd Cir.1984) ("A front pay award is discretionary with the trial court."); McKenna v. Pacific Rail Serv., 817 F. Supp. 498, 517 (D.N.J. 1993) ("Under the ADEA, the decision whether to award front pay is within the trial court's discretion.").

An award of front-pay will be foreclosed where an employer can prove that either "other substantially equivalent positions were available to [a plaintiff] and [he or] she failed to use reasonable diligence in attempting to secure those positions or, alternatively, that [the plaintiff] withdrew entirely from the employment market." Id. (citing Anastasio v. Schering Corp., 838 F.2d 701, 708 (3d Cir. 1988); Tubari, Ltd. v. NLRB, 959 F.2d 451, 454 (3d Cir. 1992)); Holocheck v. Head Start, Inc., No. 3:CV-04-2082, 2007 WL 954308 (M.D. Pa. Mar. 28, 2007). A withdrawal may be found "where the alleged victim has failed to stay in the labor market, refused to accept comparable employment, failed to search diligently for other work, or voluntarily quit alternative employment without cause." Holocheck, 2007 WL 954308 at *15 (citing Sangster v. United Air Lines, Inc., 633 F.2d 864, 868 (9th Cir.1980)).

Even if the Court finds merit in the jury's decision to award front pay, it should substantially reduce the amount of front pay awarded therefrom. Courts are granted "considerable leeway" in deciding which range of time, if any, constitutes a reasonable front pay period. Donlin, 581 F.3d at 87, 88; see also Goss v. Exxon Office Sys. Co., 747 F.2d 885, 890 (3d Cir. 1984) ("In selecting a cut-off date for an equitable front pay remedy the court exercises

2

discretion."). Still, courts must ensure that "front pay only be awarded 'for a reasonable future period required for the victim to reestablish her rightful place in the job market." Donlin, 581 F.3d at 87 (citing Goss, 747 F.2d at 889-90); see also Anastasio, 838 F.2d at 709 ("The purpose of front pay under the ADEA is to ensure that a person who has been discriminated against on the basis of age is made whole, not to guarantee every claimant who cannot mitigate damages by finding comparable work an annuity. . .").

In light of the discretionary standard for calculating front pay, "every case must be considered on its particular facts." Id. at 88. Thus, a period of up to ten years was deemed appropriate in Donlin, where the plaintiff found two full time jobs and worked almost continuously for approximately three and one-half years, earning overtime and pay raises, up to the date of trial, but could not obtain substantial equivalent employment. On the other hand, a period of weeks may be appropriate where a plaintiff makes little effort to find substantially similar employment. See Forrest v. Dynamic Sec. Corp., No. Civ.A. 00-3423, 2002 WL 1204917, *14 (E.D. La. May 2, 2002).

The jury awarded Marcus $670,903 in front pay. This constitutes approximately 5 years of base salary, including estimated bonus and 7% for a 401(k) contribution, until age 70. Marcus testified that she received approximately $6,000 of income in 2007, $7,000 in 2008 and nothing to date in 2009. She did not use recruiters or perform any internet job searches. Her husband, also an expert in the zeolite field, did not put her in touch with any of his contacts to assist with her job search. Marcus did not contradict the testimony of Neil Miller, who said on two occasions Marcus said that she wanted a "package" because she wanted to retire.

The jury awarded Wypart $376,646 in front pay, which equates to 14 years of base salary and 401(k) contributions to age 75. Wypart testified that he has not been seeking employment

3

since he secured his current job. However, his front pay analysis assumes that he will never earn as much in salary as he did with PQ.

Furthermore, the front pay awards are based on the assumptions that:

- Plaintiffs would have continued to work up to their "proposed" or "subjective" retirement dates.

- They would continue to earn the same income, bonuses and benefits as they had at PQ.

- There would not be any changes in the future, either through changes of positions or personal reasons. Notably, Wypart has been laid off three times in his career and his current employer implemented a 5% salary reduction to account for current economic conditions.

- Their future income would never increase from the current income or consulting, or future income. Marcus testified that she recently accepted a consulting position and that she had other consulting in 2009 for which she has not been paid.

- They used reasonable efforts to obtain equivalent jobs.

Here, the jury's award of front pay is overly speculative based on the plaintiffs' conduct and testimony. Given these facts, it would be unrealistic and inequitable to assume that Plaintiffs would have continued to work at PQ until their stated retirement ages.

## III. **CONCLUSION**

For the foregoing reasons, the jury's advisory verdict as to front pay should be disregarded entirely or, alternatively, substantially reduced.

Respectfully submitted,

*s/ Elizabeth A. Malloy*          *(EM962)*
Elizabeth A. Malloy   (PA ID No. 48297)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA  19102-2555
215-665-5310
215-665-8760 (fax)
elizabeth.malloy@bipc.com

Peter J. Ennis  (PA ID No. 45754)
BUCHANAN INGERSOLL & ROONEY, P.C.
One Oxford Centre, 20th Floor
301 Grant Street
Pittsburgh, PA  15219
412-392-1689
412-456-1041 (fax)
peter.ennis@bipc.com

Attorneys for Defendant
PQ Corporation

Dated:  November 24, 2009

# CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of November 2009, I caused a true and correct copy of the foregoing Motion of Defendant PQ Corporation to Conform Judgment to Eliminate Jury's Front Pay Advisory Verdict and Brief Addressing Jury's Advisory Verdict On Front Pay to be filed via the Office Court Electronic Document Filing System, and that said Response is available for viewing and downloading from the ECF system. By virtue of this filing, service is complete upon:

>Scott B. Goldshaw, Esquire
>Katie Eyer, Esquire
>Salmanson Goldshaw, P.C.
>Two Penn Center
>1500 J.F.K. Boulevard, Suite 1230
>Philadelphia, PA 19102

>*Elizabeth A. Malloy*      *(EM962)*
>Elizabeth A. Malloy

#2164776-v3