IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Marquis | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PQ Corporation | : | NO.07-2075 |
| | : | |
| | : | |

ORDER

FILED
FEB 17 2012
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

AND NOW, THIS 16th day of February, 2012, this matter being referred to the undersigned for settlement proceedings, it is ordered as follows:

1. In consideration of the extensive history of the case, the court has initially scheduled four(4) days for settlement conferences. Those initial days are:

Monday, February 27, 2012
Tuesday, February 28, 2012
Monday, March 19, 2012
Tuesday, March 20, 2012

2. All court efforts to direct settlement discussions will be comprehensive, and therefore, will include all issues related to outstanding attorney fees and costs, additional awards for pre-judgement interest and regarding negative tax consequences on any award, as well as any and all other issues.

3. No later than three days in advance of the settlement conferences, settlement conference memos shall be submitted confidentially to the court, and will refer to motions and responses etc. already filed, without need to re-submit same to chambers, as the court will review all court opinions , motions, responses and attachments in advance of the settlement dates. Each counsel will summarize for the court each oustanding issue, as well as the respective positons of each party on each issue.

4. All parties shall attend all dates unless excused specifically by the undersigned in advance of the settlement dates.

5. Regarding the defendant, the court requires, at a minimum, the attendance of the president and vice-president of PQ Corporation, general counsel, as well as all counsel of record and listed on the docket, in addition to any other designee the defendant may wish to have in attendance.

6. Regarding the petition for award of attorney fees and costs, counsel for defendant shall submit to chambers in advance of the settlement conference, for the court's *in camera* review, a copy of all bills for legal fees and costs submitted to defendant by any law firm regarding the legal costs incurred for the defense in this matter. The court will require a proffer by counsel as to the total costs of defense incurred.

7. Regarding the petition for award of attorney fees and costs, counsel for plaintiff shall submit to chambers documentation of any prior court award of attorney fees received by any counsel of record for plaintiffs herein, or, court award to any attorney member of plaintiffs' counsels' law firm.

8. The undersigned has reviewed the January 19, 2012, judgment of the Third Circuit Court of Appeals affirming the judgment of the trial court entered March 23, 2011, which order amended the original Judgment Order of November 10, 2009.
Accordingly, counsel for each party shall include a calculation of post-judgment interest pursuant to 28 USC Section 1961 (b), computed daily, and compounded annually, as required from November 10, 2009 through March 1, 2012.

9. Additionally, and without the need to restate their respective positions on pre-judgment interest, counsel for each party shall include a calculation of pre-judgment interest applicable to each plaintiff indicating a proffered start date (indicating authority for same), through November 10, 2009.
Once determined as of November 10, 2009, counsel will then include a calculation of post-judgment interest on this amount from November 10, 2009, through March 1, 2012 again pursuant to the dictates of 28 USC Section 1961 (b).

10. A review of the trial court's opinion of February 17, 2011 [Document 209], page 6, states: "The defendant does not contest the amount of back-pay and benefits awarded to Mr. Wypart, and that award will not be disturbed." Counsel for defendant will specify in her settlement memorandum whether that is an accurate account of defendant's position regarding that part of the award and judgment.

A Settlement Conference in the above-captioned case will be held on the above dates starting at 10:00am before the Honorable Linda K. Caracappa, United States Magistrate Judge, in Room 3042, U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106.

    The Court assumes that settlement of this case is a real possibility, and the Court has set aside the entire day for this conference. Parties are to remain present until expressly released by the Court.

    **Counsel are directed to have clients with ultimate authority to settle physically <u>PRESENT</u> in the courtroom for the duration of this conference.**[1]

    Counsel are further directed to complete the enclosed Settlement Conference Summary to be faxed or mailed to Chambers on or before February 24, 2012.

    The Settlement Conference Summary comes as an attachment to this Order for ECF subscribers.

              BY THE COURT:

               _/s/ Linda K. Caracappa_
               Hon. Linda K. Caracappa
               267-299-7640/267-299-5075 Fax

Date: February 16, 2012
cc:

---

[1] Parties include all persons, corporations or other business entities, and insurance companies with an interest in the case, and each entity with an interest in the case <u>must</u> attend the conference. In the case of corporate or other business entities, the corporate official with ultimate settlement authority is required to attend. Where an insurance company is involved, a representative with ultimate settlement authority is also required to attend.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|   |   |   |
|---|---|---|
|   | : | CIVIL ACTION |
|   | : |   |
| v. | : |   |
|   | : |   |
|   | : | No. |

## SETTLEMENT CONFERENCE SUMMARY

**COUNSEL ATTENDING SETTLEMENT CONFERENCE:**

**Name:** _____

**Address:** _____

**Phone:** _____

**Client:** _____

**CLIENT ATTENDING SETTLEMENT CONFERENCE:**

**Name of Individual with Ultimate Settlement Authority
who will be present at the settlement conference:** _____

**MOTIONS PENDING:**

_____

_____

_____

**STATUS OF DISCOVERY:**

_____

_____

_____

**OTHER RELEVANT MATTERS:**

_____

_____

_____

**PRIOR OFFERS/DEMANDS:**

_____

_____

_____

## ATTACH SYNOPSIS OF CASE
**IDENTIFY: 1) CAUSES OF ACTION  2) PROOFS OF SAME, AND 3) ITEMIZATION AND PROOF OF DAMAGES CLAIMED. COUNSEL SHOULD ALSO INCLUDE ANY OTHER INFORMATION THAT WOULD BE HELPFUL TO THE COURT IN EVALUATING THIS MATTER.**